# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| STEPHANIE LYNNE BAIRD, | ) |
| | ) **Case No. 21-cv-126** |
| **Plaintiff,** | ) |
| | ) **Judge Dan Aaron Polster** |
| **v.** | ) |
| | ) **OPINION & ORDER** |
| COMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| **Defendant.** | ) |

Before the Court are Magistrate Judge Darrell A. Clay's Report & Recommendation ("R&R") and plaintiff Stephanie Lynne Baird's objection to the R&R. ECF Docs. 19, 20. On January 16, 2021, Ms. Baird filed a complaint against the Commissioner of Social Security (the "Commissioner") to seek judicial review of the decision denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  ECF Doc. 1. Magistrate Judge Clay prepared the R&R in accordance with 42 U.S.C. § 405(g) and Local Rule 72.2(b), and recommended affirming the Commissioner's decision. Ms. Baird has objected to the R&R and challenges the administrative law judge's ("ALJ") assessment of her psychological impairments. The Commissioner has filed a brief in opposition to Ms. Baird's objection and asks the Court to adopt the R&R. ECF Doc. 21.

The Court has reviewed the record, the briefings, the R&R, Ms. Baird's objection, and the opposition brief. Because the Commissioner's decision to deny Ms. Baird's DIB and SSI application was supported by substantial evidence, the Court overrules Baird's objections and adopts the R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case with prejudice.

## BACKGROUND

Ms. Baird filed an application for DIB on August 6, 2018, and for SSI on August 2, 2018. ECF Doc. 12 at 205, 211. She alleged a disability onset date of September 17, 2017, and identified her psychological conditions as a disabling impairment. *Id.* at 205, 211, 404-06.

After Ms. Baird's application was denied initially and on reconsideration, she requested a hearing before an ALJ. *Id.* at 100, 115, 154. The hearing was held on December 18, 2019, and the ALJ heard testimony from Ms. Baird, who was represented by counsel, and from a vocational expert. *Id.* at 46-77.

The ALJ concluded that Ms. Baird was not disabled in a written decision issued on April 30, 2020. *Id.* at 27-34. As relevant here, the ALJ determined that Ms. Baird had several severe psychological impairments—namely, schizoid personality disorder, depressive disorder, mood disorder, affective disorders, anxiety disorder, panic disorder, obsessive compulsive disorder, and posttraumatic stress disorder—but none of her impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. *Id.* at 29-37. Thus, Ms. Baird could "perform a full range of work at all exertional levels" but required the following nonexertional limits:

> [Ms. Baird] can perform simple, routine and repetitive tasks, but cannot perform tasks that require a high production rate pace such as assembly line work; can interact on an occasionally [sic] basis with supervisors and a small group of familiar coworkers, with no more than incidental interaction with the general public, and should be limited to superficial contact meaning no sales, arbitration, negotiation, conflict resolution or confrontation, no group, tandem or collaborative tasks, and no management, direction or persuasion of others; and can respond appropriately to occasional change in a routine and relatively static work setting, as long as any such changes are easily explained and/or demonstrated in advance of gradual implementation.

*Id.* at 31-32. The ALJ further determined that there were jobs within the national economy that Ms. Baird could perform. *Id.* at 36-37.

Ms. Baird then sought review of the ALJ's decision by the Appeals Counsel, but her request was denied and the ALJ's decision became final. *Id.* at 1-6. This action was timely filed thereafter on January 16, 2021. ECF Doc. 1.

## STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* assessment of the R&R portions to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir.2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor must the reviewing court necessarily agree with

the Commissioner's determination in order to affirm it: "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## **ANALYSIS**

Ms. Baird has raised one objection to the R&R. Namely, she challenges Magistrate Judge Clay's conclusion that the ALJ's assessment of her psychological conditions at Step Three of the sequential analysis was supported by substantial evidence. ECF Doc. 20 at 1-2.

At Step Three, the ALJ determined that Ms. Baird's severe psychological conditions were not disabling. ECF Doc. 12 at 30-31 (assessing the criteria of Listings 12.03, 12.04, 12.06, 12.08, and 12.15). To be disabling, the relevant listings require, in relevant part, medical evidence that a severe psychological condition causes at least one extreme limitation or two marked limitations in an applicant's mental functioning. *See* 20 C.F.R. § 404, Pt. P, App'x 1, 12.00(A)(2).[1] Yet, the ALJ determined that Ms. Baird's psychological conditions caused only mild or moderate limitations in her daily life. ECF Doc. 12 at 30-31, 33-35.

Ms. Baird now renews her claim that the Step Three analysis was flawed because the ALJ failed to properly consider how the waxing and waning nature of her psychological symptoms impacted her ability to maintain relationships on a sustained basis. ECF Doc. 20 at 1-2.  While the ALJ did reference the waxing and waning of symptoms, Ms. Baird states that the ALJ improperly focused on whether she could have relationships at all rather than on whether she maintain the relationships when her symptoms escalated. *Id.*

Having conducted a *de novo* review of the ALJ's Step Three analysis and the accompanying medical evidence, the Court concludes that the ALJ's decision was supported by substantial evidence. Ms. Baird's medical records indicate that, at times, she was able to maintain personal relationships but was unable to do so at other times. *See* ECF Doc. 12 at 356, 373, 385, 417, 423, 494, 496-97, 498, 499, 500, 503, 509, 518. Thus, Ms. Baird's argument that the ALJ failed to consider the waxing and waning nature of her symptoms is belied by the record—the ALJ did not ignore Ms. Baird's struggles and simply determine that she had no limitations on her personal interactions. Rather, the ALJ concluded that Ms. Baird's ability to interact with others

---

[1] In lieu of extreme or marked limitations, a mental disorder may also be disabling if there is evidence that it is "serious and persistent." 20 C.F.R. § 404, Pt. P, App'x 1, 12.00(A)(2). However, Ms. Baird has not argued that she can meet this Listing criteria. *See* ECF Doc. 13 at 9-18; ECF Doc. 20 at 1-2.

was moderately impaired because there were instances in which she struggled with her personal relationships. *Id.* And, as the Commissioner correctly points out, none of the medical evidence supports Ms. Baird's alternative position that she could not sustain any relationships when her symptoms worsened. *See* ECF Doc. 21 at 2; *see also* ECF Doc. 12 at 104-29. Therefore, the record contains sufficient evidence for a reasonable mind to accept the ALJ's Step Three analysis. *See Gentry*, 741 F.3d at 722.

Moreover, even if the Court accepted as true Ms. Baird's position that there is substantial evidence of marked limitations on her personal interactions, such evidence is insufficient to obtain a remand for a new hearing. *See McClanahan*, 474 F.3d at 833. Because the ALJ properly applied the relevant regulations and the resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision, even if Baird is correct that the evidence also supported a contrary conclusion. Accordingly, the Court overrules the objection.

## <u>CONCLUSION</u>

For the reasons discussed above, the Court overrules Baird's objections to the R&R, which is hereby adopted. Because the Commissioner's decision to deny DIB and SSI is supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**